**KISKA CONSTRUCTION CORPORATION–U.S.A. and Kajima Engineering and Construction, Incorporated, a Joint Venture, Appellant**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.**

**No. 10–7127.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 21, 2011.

Michael Andrew Branca, Peckar & Abramson, Washington, DC, Jerome Reiss, Boca Raton, FL, for Appellant.

Bruce P. Heppen, Deputy General Counsel, Donald Alan Laffert, Associate General Counsel, Carol B. O'Keeffe, Washington Metro Area Transit Authority, Office of the General Counsel, Washington, DC, for Appellee.

Before: GINSBURG * and
HENDERSON, Circuit Judges, and
RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the Armed Services Board of Contract Appeals, on the Opinion of the District Court, and on the briefs and the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the Order of the District Court granting the Washington Metropolitan Area Transit Authority's motion for summary judgment on the claims of KiSKA Construction Corporation—U.S.A. and Kajima Engineering and Construction, Inc., a Joint Venture (KiSKA) for retainage and equitable adjustment be affirmed.

KiSKA's claim for retainage fails because the Board of Contract Appeals' finding KiSKA did not timely present an executed voucher alleging it fulfilled its contractual obligations is supported by substantial evidence. For this reason, we need not reach the question whether the District Court correctly placed upon KiS-KA the burden of proving at trial it completed its duties under the contract.

In all other respects, we affirm for the reasons stated within the District Court's Memorandum Opinion accompanying its Order.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.